DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, terminating the parental rights of a mother and father of a four year old and granting permanent custody of the child to a children's services agency. For the reasons that follow, we affirm.
 {¶ 2} Kenny B., Jr. is the natural child of Tammy Y. and Kenny B., Sr.
 {¶ 3} Appellee, Lucas County Children's Services Board, became involved even before Kenny's birth when his mother tested positive for cocaine prior to delivery. Kenny was born addicted to cocaine and subsequently exhibited a failure to thrive and other developmental delay. When appellee intervened, Kenny was adjudicated neglected and dependent with temporary custody awarded to appellee on September 1, 2001. The child was removed from his mother's care and placed in foster care where he remained until April 2003.
 {¶ 4} In November 2002, Tammy Y. gave birth to twins: Wayne, Jr. and William G. The twins' father is appellant, Wayne G., Sr.
 {¶ 5} Unlike Kenny B., Sr., Tammy Y. appears to have made a concerted effort to break her drug habit and mitigate its associative behavior. Her progress was sufficient enough that in April 2003, Kenny B., Jr. was returned to her home. In July 2003, Tammy, the twins and Kenny B., Jr. moved in with appellant.
 {¶ 6} The record is not clear as to the exact events that follow, but it appears that appellant and Tammy became estranged at some point between the summer of 2003 and spring of 2004. The timing of this may or may not coincide with Tammy Y.'s relapse into drugs. In any event, in March 2004, appellee removed all three children from Tammy's custody and placed them with appellant. Appellant was awarded legal custody. The children's mother was granted visitation, but only if supervised.
 {¶ 7} According to appellee, at some point in December 2004, appellant violated the order of supervised visitation with Tammy by delivering the children, or permitting them to be delivered, to their mother's home and allowing them to stay there for more than a week. Additionally, appellee alleged, appellant also permitted the children to stay with Kenny B., Sr., also violating the supervised visitation order.
 {¶ 8} Appellee removed the children from appellant's home, obtained temporary custody by ex parte order, and filed a complaint, alleging that Kenny B., Jr. was dependent and neglected. Appellee sought termination of Kenny B., Sr. and Tammy Y.'s parental rights and permanent custody of the child.
 {¶ 9} Tammy Y. stipulated to a finding of neglect and dependency and waived opposition to appellee's motion for permanent custody. Kenny B., Sr. contested the finding and the motion for permanent custody.
 {¶ 10} At the same time, appellant, while admitting the allegations against him, moved to extend temporary custody. Appellant asked that he be allowed to complete the case plan to reunite with the twins and then be afforded the opportunity to take Kenny B., Jr. at the same time the twins are returned to him.
 {¶ 11} The matter proceeded to trial on the permanent custody motion. At the conclusion of the trial, the court terminated the parental rights of both Kenny B., Jr.'s parents, rejected appellant's request for extended temporary custody and granted permanent custody of the child to appellee.
 {¶ 12} Neither Tammy Y. nor Kenny B., Sr. appealed this decision. Appellant, however, did. On appeal, appellant sets forth the following single assignment of error:
 {¶ 13} "Does the Supreme Court's definition of family require Lucas County Children's Services Board ('LCCSB') to provide services and create a case plan goal of reunification for all three children, and further to prove by clear and convincing evidence under 2151.414 that permanent custody of the third child was in the best interest of the minor child, where the three children were removed contemporaneously for the same issue, where the three children are related as half brothers, where are the biological parents of the one child has no competing interest in retaining their rights to the child, and where the legal custodian was not a biological parent of the third child?"
 {¶ 14} It has been regularly and universally held that the rights of a natural or adoptive parent are paramount to all others and may not be terminated absent a showing by clear and convincing evidence that the parent is unfit and that the termination of the parent/child relationship is in the child's best interest. In re Alexis K., 160 Ohio App.3d 32,2005-Ohio-1380, at ¶ 21-24; see, also, R.C. 2151.414. In this matter, however, neither of Kenny B., Jr.'s natural parents are parties to this appeal. Tammy Y. did not contest the termination in the trial court. Kenny B., Sr. did not perfect an appeal. Appellant is the father of twins by Kenny B., Jr.'s mother. He has no biological connection to the child.
 {¶ 15} Nevertheless, he argues that he should be afforded the same procedural protection as a natural parent, including satisfaction of the R.C. 2151.414 requirements for termination of parental rights. Appellant suggests that courts are increasing the breadth of what is considered a family; sufficient, he argues, to encompass three brothers of the same mother. Moreover, according to appellant, it is disparate treatment that appellee approved a case plan which seeks to reunite the twins with him, while depriving him of an opportunity to effect the same outcome with Kenny B., Jr.
 {¶ 16} In support of his argument of expanding those considered parents, appellant cites to Smith v. O.F.F.E.R.
(1977), 431 U.S. 816, and Moore v. City of East Cleveland
(1977), 431 U.S. 494. The former of these involved statutory rights for foster parents under New York law; the latter a municipal ordinance criminalizing apartment occupancy by those others than a narrowly defined "family."
 {¶ 17} While there has been some modern trend to liberally define family and to bestow certain rights to extended family, see, e.g., Harold v. Collier, 107 Ohio St.3d 44, 2005-Ohio-5334
(grandparent visitation), we have found no authority, including those cited by appellant, which grants to an unrelated individual the unique status occupied by biological parents or their legal equivalent, adoptive parents. It is only these upon whom constitutional protection is invested and, in Ohio, the strictures of R.C. 2151.414 adhere. Consequently, we reject appellant's assertion that he is entitled to the same legal status as Kenny B., Jr.'s natural parents.
 {¶ 18} Appellant's position is simply that of a prior legal custodian. The touchstone of a dispositional order, including legal custody after a finding of neglect and dependency, is that the order be in the child's best interest. In re Nice (2001),141 Ohio App.3d 445, 455. Decisions concerning an award or change of legal custody will not be disturbed absent an abuse of discretion. In re Alexander C., 6th Dist. App. No. L-051-173,2005-Ohio-6134, at ¶ 6. An abuse of discretion is more than an error of law or judgment; the term connotes that the court's attitude is arbitrary, unreasonable or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 19} In this matter, the trial court found, by clear and convincing evidence — the degree of evidentiary support required in a termination of parental rights case — that an award of permanent custody to appellee was in Kenny B., Jr.'s best interest. In doing so, the court concluded that granting permanent custody to appellee for adoptive placement would positively benefit Kenny B., Jr. by providing a legally secure placement for him. Moreover, the court expressly found that it was against the "best interest and welfare of the child" to be placed with appellant. In support of this conclusion, the court noted that appellant had "repeatedly placed this child at risk," had recently lost legal custody of one of his own children; and had two others removed from his care and adjudicated neglected and dependent.
 {¶ 20} There is evidence in the record supporting the court's conclusions regarding appellant. Accordingly, the court's decision not to return legal custody to appellant was reasonable. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 21} On consideration whereof, the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Parish, J, concur.